FILED
January 28, 2016
IN COURT OF
WORKERS' COMPENSATION
CLAIMS
TIME 1:10 PM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT COOKEVILLE BY INTERCHANGE

| | |
|---|---|
| **Ralph Joseph Lallo**<br>        **Employee,** | ) **Docket No.: 2015184839** |
| | ) |
| **v.** | ) **State File No.: 33804-2015** |
| | ) |
| **Marion Environmental, Inc.** | ) **Judge Robert Durham** |
|         **Employer,** | ) |

---

## ORDER GRANTING PAST TEMPORARY PARTIAL DISABILITY BENEFITS

---

THIS CAUSE came to be heard before the undersigned Workers' Compensation Judge upon the Motion for Temporary Disability Benefits filed by the employee, Ralph Joseph Lallo, on January 14, 2016, pursuant to Tennessee Code Annotated section 50-6-239 (2015) to determine if the employer, Marion Environmental, Inc., is obligated to provide past temporary partial disability benefits for the period of May 7, 2015, through September 26, 2015. For the reasons set forth below, the Court finds Mr. Lallo is entitled to the requested temporary partial disability benefits.

This matter previously came before this Court on Employee's Request for Expedited Hearing, seeking medical and temporary disability benefits, as well as a subsequent Motion for Temporary Partial Disability Benefits. The Court conducted evidentiary hearings, and to the extent necessary, the evidence presented at these hearings as well the Court's Findings of Fact and Conclusions of Law from that evidence are incorporated into this Order.

On October 1, 2015, Mr. Lallo filed a Motion seeking temporary partial disability benefits. At the hearing, he testified to working for a few days in June 2015 and making $250.00. On November 17, 2015, the Court entered an Order requiring Marion to pay temporary partial disability benefits to Mr. Lallo for the period of May 1, 2015, through May 6, 2015, and September 28, 2015, through the present and ongoing until Mr. Lallo reached maximum medical improvement or became able to return to work. The Court determined Mr. Lallo's compensation rate to be $696.03 per week. The Court further found the lack of medical evidence regarding restrictions rendered it unable to order temporary partial disability benefits for the period of May 7, 2015, through September

1

27, 2015, although it would reconsider the issue should medical proof become available.

On January 14, 2016, Mr. Lallo filed a Motion for Past Temporary Partial Disability Benefits and attached Dr. Donald Huffman's response to a letter as supporting evidence. (T.R. 1.) In the letter, Dr. Huffman stated:

> In my opinion, it is likely to a reasonable degree of medical certainty, that the restrictions set out on April 22, 2015, should have been continued throughout Mr. Lallo's care, including the time period between April and when I first saw him in September 2015.

(Ex. 1.)

In response to Mr. Lallo's Motion, Marion conceded Dr. Huffman's response constituted sufficient evidence to establish Mr. Lallo's physical restrictions from May 7, 2015, through September 27, 2015, and agreed to pay past temporary partial disability benefits at a compensation rate of $696.03. (T.R. 2.) However, Marion requested the Order reflect that should the Court find at a hearing on the merits that Mr. Lallo was not entitled to temporary partial disability benefits, any award for permanent partial disability benefits would be offset by the amount paid in temporary partial disability benefits. *Id.*

**IT IS, THEREFORE, ORDERED** as follows:

1. Marion shall pay Mr. Lallo past temporary partial disability benefits from May 7, 2015, through September 27, 2015, at a compensation rate of $696.03 per week, except one week in June 2015 wherein Mr. Lallo's compensation rate was $529.36, for a total of $14,052.23. Marion shall continue to pay temporary partial disability benefits to Mr. Lallo at a compensation rate of $696.03 in accordance with Tennessee Code Annotated section 50-6-207 (2015) until Mr. Lallo reaches maximum medical improvement or is able to return to work.

2. Should the Court find at a hearing on the merits that Mr. Lallo was not entitled to temporary partial disability benefits, the Court will offset any final award for permanent partial disability benefits by the amount paid in temporary partial disability benefits.

3. **Unless interlocutory appeal of the Order Granting Temporary Partial Disability Benefits is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the**

**necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 28th day of January, 2016.**

**Judge Robert Durham**
**Court of Workers' Compensation Claims**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The Judge must approve the statement of the evidence before the Court Clerk may submit the record to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three business days of the filing of the appellant's position statement.

## APPENDIX

Exhibits:

1.    Response from Dr. Donald Huffman;

Technical Record:

1.    Employee's Motion for Temporary Partial Disability Benefits;
2.    Employer's Response to Motion for Temporary Partial Disability Benefits; and,
3.    Employee's Reply to Employer's Response.

Issue:

Whether Marion must pay past temporary partial disability benefits to Mr. Lallo.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Order for Past Temporary Partial Disability Benefits was sent to the following recipients by the following methods of service on this the 28 th day of January, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|---------|---------|-----------|------------------|
| Mark Rassas | | | X | rassaslaw@aol.com |
| Alex B. Morrison | | | X | ABMorrison@mijs.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

5